BILL GABALDON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gabaldon v. Commissioner
Docket No. 24687-82.
United States Tax Court
T.C. Memo 1984-107; 1984 Tax Ct. Memo LEXIS 560; 47 T.C.M. (CCH) 1218; T.C.M. (RIA) 84107; March 6, 1984. Bill Gabaldon, pro se. Joyce Levy and Roger Glienke, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: *562 This case was assigned to and heard by the undersigned pursuant to the provisions of section 7456 of the Code and Rules 180 and 181. [1]
This case is before us on respondent's oral motion to dismiss for failure properly to prosecute. Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax § 6651(a) § 6653(a) § 6654(a)
1980
$2,287
$571.75
$114.35
$146.36
The deficiency notice computation to petitioner, who failed to file an income tax return for the year in question, was based upon the filing status of a single taxpayer, one personal exemption, no allowance for dependents and no allowance for itemized deductions. Petitioner timely filed a petition with this Court in which he alleged that his residence was Anaheim, California. In addition, petitioner made tax-protestor type allegations in his petition that he was not required to file an income tax return or pay an income tax for 1980, *563 that he did not volunteer to self-assess himself for taxes, that he was not in receipt of gain or profit, that he enjoyed no grant of privilege or franchise and that he received nothing of a known tangible value. The Court takes judicial notice of the fact that petitioner is one of a large group of several hundred persons in the southern California area who have filed petitions and other papers with this Court of a substantially identical nature. [2]
Petitioner responded to the call of the calendar on December 15, 1983, in this case and advised the Court that he had paid his taxes for the 1980 tax year. He was advised to meet with respondent and to appear for trial on December 21, 1983. Petitioner failed to meet with respondent prior to trial. Petitioner, who represented himself, was advised that he bore the burden of proving that the Commissioner's determination of a tax deficiency for 1980 was incorrect. ; *564 Rule 142. Petitioner admitted that he did not file an income tax return for the year 1980, that he performed services during that year for which he was paid in the amount of $14,774. Petitioner presented to the Court a copy of a W-2 form for the year 1980 indicating that the sum of $2,181.52 had been withheld from his salary payments for Federal withholding purposes. The deficiency notice was computed as if petitioner was a single person, with one exemption and no allowance for itemized deductions or credits. Petitioner was fully advised that the amount of tax shown on the notice might well be reduced if he was married, if he was entitled to dependency exemptions, and if he had deductions for interest or real property taxes. He chose, however, not to present any such information and he has therefore failed to sustain his burden of proving that the Commissioner's determination of a deficiency is incorrect. Petitioner's arguments were that he was not required to file an income tax return, that he had no income from his receipt of compensation from his employment since it represented an even exchange, that the deficiency notice was invalid because it had no signature and apparently *565 that the deficiency notice was invalid since he had federal taxes withheld from his wages. All of petitioner's contentions are groundless and frivolous and not worthy of an exhaustive analysis of the uniform body of law to the contrary. See, for instance, our opinion in , on appeal (2d Cir. Sept. 13, 1983). Petitioner is but one more of a seemingly endless parade of persons apparently bent on glutting and slowing the processes of this Court. Therefore the Commissioner's determination of a deficiency [3] in Federal income tax for 1980 will be upheld. Petitioner was a person required to file an income tax return for 1980. Sec. 6012. He failed to do so. He is liable for an addition *566 to tax under section 6651(a) for his failure to file a return as required. Section 6651 imposes (for failure to file a tax return) an addition to the amount required to be shown as tax. This addition is computed on the net amount due: thus, the deficiency amount (where a return was not filed) is reduced by the amount of any credit (such as the credit for withheld taxes) against the tax which may be claimed. Sec. 6654(b)(1); section 301.6651-1(d)(1), Proced. & Admin. Regs. At trial petitioner offered a 1980 W-2 form which showed that $2,181.52 of Federal income tax had been withheld by his employer, Nabisco, Inc. Therefore the addition imposed by section 6651 may only be computed on the difference between the deficiency, $2,287, and the amount of Federal income tax withheld, $2,181.52, or $106.48. . Petitioner is also liable for an addition to tax under section 6653(a) for his intentional disregard of the rules and regulations which require him to file timely returns. Section 6653(a) imposes an addition to tax of five percent of the underpayment if any portion of the underpayment is due to negligence or intentional *567 disregard of the rules and regulations. Underpayment is defined as the amount of the tax imposed by subtitles A and B when a return was not filed on or before the last date prescribed for filing such return. Sec. 301.6653-1(c)(1)(ii), Proced. & Admin. Regs. The underpayment is not reduced by withholding credits. The Commissioner's imposition of an addition of $114.35 pursuant to section 6653(a) will be upheld. The Commissioner has also asserted an addition to tax for failure to pay estimated tax under section 6654. Section 6015(a), as applicable for the year in suit, states that no declaration of estimated tax is required if such tax can reasonably be expected to be less than $100. In petitioner's case it would have been reasonable to expect that the estimated tax would be less than $100. Therefore he was not required to pay an estimated tax. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., ; ; , .↩
3. Section 6211(a) defines the term "deficiency" as the amount by which the tax imposed by subtitle A exceeds the amount shown as the tax by the taxpayer on his return, if one was filed. Section 6211(b) requires that the tax shall be determined without regard to the credit under section 31 for wages withheld at the source. See also ; Sec. 301.6211-1(b), Proced. & Admin. Regs.↩